IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MORRIS HOWARD, et al., )
        Plaintiff )
)
v. ) C.A. No. 08-308 Erie
)
JEFFREY BEARD, et al., )
        Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I    RECOMMENDATION

It is respectfully recommended that the following individuals be dismissed as Plaintiffs in this case for failure to prosecute: Morris Howard, Shawn Brown, Joseph McGolgon, Timothy Schofield, Charley Jones, Robert Bailey, Luis Perez, Earl Lilly, Curt Thomas, John Sparkman, John Daniels, Devin Spady, Joseph Smith, and Qualan Burns.

### II    REPORT

On November 6, 2008, the Clerk of Courts received a civil rights complaint filed by seventeen (17) inmates, sixteen of whom are incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, and one of whom is incarcerated at the State Correctional Institution at Greene in Waynesburg, Pennsylvania; however, all but Plaintiff Demetrius Bailey failed to either pay the required filing fee or file a motion to proceed *in forma pauperis*. As a result, this Court issued a Show Cause Order, dated November 24, 2008, directing each named Plaintiff, other than Demetrius Bailey, to either pay the filing fee of $ 350.00 to the Clerk of Courts or file a motion to proceed *in forma pauperis* with an accompanying institutional account statement, on or before December 15, 2008, or suffer dismissal from this case for failure to prosecute. [Document # 3]. To date, only two of the remaining sixteen named Plaintiffs responded to this Order and filed motions to proceed *in forma pauperis*. The other fourteen named Plaintiffs who did not comply with this Court's Order are: Morris Howard, Shawn

Brown, Joseph McGolgon, Timothy Schofield, Charley Jones, Robert Bailey, Luis Perez, Earl Lilly, Curt Thomas, John Sparkman, John Daniels, Devin Spady, Joseph Smith, and Qualan Burns.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).

Applying the <u>Poulis</u> factors to the present matter, this Court recommends that the fourteen named Plaintiffs who failed to comply with this Court's Order be dismissed from this case. Since the filing of this matter, these Plaintiffs have taken none of the necessary first steps to prosecute this case. Further, said Plaintiffs have failed to comply with an order of this Court. Plaintiffs are proceeding *pro se* and therefore bear all of the responsibility for any failure in the prosecution of their claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiffs' allegations may state a claim upon which relief could be ultimately be granted, the merits of the claims are impossible to determine at this early stage of the proceedings.

### III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the following individuals be dismissed as Plaintiffs in this case for failure to prosecute: Morris Howard, Shawn Brown, Joseph McGolgon, Timothy Schofield, Charley Jones, Robert Bailey, Luis Perez, Earl Lilly, Curt Thomas, John Sparkman, John Daniels, Devin Spady, Joseph Smith, and Qualan Burns.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and

Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure to timely file objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: January 30, 2009

cc: The Honorable Sean J. McLaughlin
United States District Judge