IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BAILEY,           )<br>           Plaintiff,           )<br>                                           )<br>           v.                               )<br>                                           )<br>JEFFREY BEARD, et al.,    )<br>           Defendants.         ) | C.A. No. 08-308 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that:

1. Defendants' "Motion to Vacate ifp Order/Deny ifp Motion and Dismiss Complaint" [Document # 28] be granted;

2. This Court's Order granting Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 17] be vacated;

3. Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 2] be denied; and

4. Plaintiff's complaint be dismissed without prejudice to Plaintiff's right to reopen this case by paying the filing fee of $ 350.00 within sixty (60) days of the date of dismissal.

**II.     REPORT**

Plaintiff, an inmate incarcerated at the State Correctional Institution at Fayette in LaBelle, Pennsylvania, presented this civil rights complaint, along with a request for leave to proceed *in forma pauperis* ("ifp motion"). [Document # 2]. Plaintiff's ifp motion was granted and service of the Complaint was directed by Order of this Court dated July 16, 2009. [Document # 17]. On February 25, 2010, Defendants filed a "Motion to Vacate ifp Order/deny ifp Motion and Dismiss Complaint" [Document # 28], notifying this Court that Plaintiff has previously had at least three civil cases in this District dismissed either as frivolous or for failure to state a claim upon which relief may be granted.

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:

> [i]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff has been a prolific advocate in the Western District of Pennsylvania. At least three of Plaintiff's prior lawsuits have been dismissed as legally frivolous or for failure to state a claim upon which relief may be granted: Bailey v. Price, Civil Action Number 09-470 (W.D.Pa.)(dismissed by Order dated December 22, 1999); Bailey v. Marano, Civil Action Number 00-325 (W.D.Pa.)(dismissed by Order dated November 22, 2000); and Bailey v. Crisanti, Civil Action Number 00-1310 (W.D.Pa.)(dismissed by Order dated November 22, 2000). In addition, Plaintiff appealed the dismissal in Bailey v. Crisanti to the Third Circuit Court of Appeals, which dismissed the appeal under 28 U.S.C. § 1915(e)(2)(B) by Order dated December 11, 2001, at Civil Action Number 00-4334.[1]

An indigent inmate may overcome the "Three Strikes Rule" if he can show that he is under "imminent danger of serious physical injury." Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger). Plaintiff has not alleged such imminent danger.

### III.   CONCLUSION

Because of the foregoing prior dismissals, and because Plaintiff has not alleged that he is in imminent danger of serious physical injury, it is respectfully recommended that:

    1.    Defendants' "Motion to Vacate ifp Order/Deny ifp Motion and Dismiss Complaint" [Document # 28] be granted;

---

[1] A Court of Appeals' dismissal of an appeal as frivolous or for failure to state a claim counts as a strike pursuant to 28 U.S.C. § 1915(g). See, e.g., Royal v. Young, 97 Fed.Appx. 66 (8th Cir. 2004); Ortiz v. McBride, 380 F.3d 649 (2d Cir. 2004); Thompson v. Gibson, 289 F.3d 1218 (10th Cir. 2002); Glick v. Romer, 210 F.3d 389 (10th Cir. 2000) (counting both dismissals by District Court and Circuit Court as strikes).

  2.  This Court's Order granting Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 17] be vacated;

  3.  Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 2] be denied; and

  4.  Plaintiff's complaint be dismissed without prejudice to Plaintiff's right to reopen this case by paying the filing fee of $ 350.00 within sixty (60) days of the date of dismissal.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                  S/ Susan Paradise Baxter
                  SUSAN PARADISE BAXTER
                  United States Magistrate Judge

Dated: March 1, 2010

cc:  The Honorable Sean J. McLaughlin
    United States District Judge